AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio

**FILED**

AUG 8 2019

Richard W. Nagel
Clerk of Court, Dayton OH

| In the Matter of the Search of | ) | |
|---|---|---|
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) ) | Case No. 3:19-mj-478 |
| ETHAN KOLLIE | ) ) | |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A

located in the _____Southern_____ District of _____Ohio_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 922(g)(3) | Possession of a firearm/ammunition by an unlawful user of a controlled substance or by a person addicted to a controlled substance |
| 18 U.S.C. § 922(a)(6) | false statement regarding firearms |
| 18 U.S.C. § 924(a)(1)(A) | false statement regarding firearms |
| 18 U.S.C. § 1001 | false statement |
| 21 U.S.C. § 844 | unlawful possession of a controlled substance |

The application is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

SA P. Andrew Gragan, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____08/08/2019_____

_____
*Judge's signature*

City and state: Dayton, Ohio

Hon. Michael J. Newman U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

*Person to be searched*

The person to be searched is **ETHAN KOLLIE**, depicted in the photograph below.



## ATTACHMENT B

*Property to be seized*

1.      All records relating to violations of:

- **18 U.S.C. § 922(g)(3)**
- **18 U.S.C. § 922(a)(6)**
- **18 U.S.C. § 924(a)(1)(A)**
- **18 U.S.C. § 1001**
- **21 U.S.C. § 844**

involving **Ethan KOLLIE** and occurring after **2013**, including:

      i.   Controlled substances, drug paraphernalia, and contraband;

      ii.   Firearms, ammunition, and holders and containers thereof;

      iii.   Cellphones, tablets, and other electronic devices;

      iv.   Identifying information and records.

2.      Computers or storage media used as a means to commit the violations described above.

3.      For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

      a.   evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs,

registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b.   evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c.   evidence of the lack of such malicious software;

d.   evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

e.   evidence indicating the computer user's state of mind as it relates to the crime under investigation;

f.   evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

g.   evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

h.   evidence of the times the COMPUTER was used;

    i.   passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

    j.   documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

    k.   records of or information about Internet Protocol addresses used by the COMPUTER;

    l.   records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

    m.   contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions,

including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| IN THE MATTER OF THE SEARCH OF THE PERSON OF ETHAN KOLLIE | Case No. _3:19-mj-478_ |
| --- | --- |

## AFFIDAVIT IN SUPPORT OF AN
## APPLICATION UNDER RULE 41 FOR A
## WARRANT TO SEARCH AND SEIZE

I, P. Andrew Gragan, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the person known as **ETHAN KOLLIE**, further described in Attachment A, for the things described in Attachment B.

2.      I am a Special Agent with the Federal Bureau of Investigation ("FBI"), Cincinnati Division. I have been employed as a Special Agent with the FBI since May 2016.  I have received training in national-security investigations and criminal investigations, and I have conducted investigations related to international terrorism, white-collar crimes, drug trafficking, public corruption, and violent crimes. As part of these investigations, I have participated in physical surveillance and records analysis, worked with informants, conducted interviews, served court orders and subpoenas, and executed search warrants.

3.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended

to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

4.      On or about August 4, 2019, agents with the FBI and ATF (Bureau of Alcohol, Tobacco, Firearms and Explosives) interviewed **Ethan KOLLIE (KOLLIE),** at his residence, in connection with the mass shooting earlier that day in Dayton, Ohio, committed by **Conner Stephen BETTS (BETTS).  KOLLIE** indicated that he liked guns and currently owns a handgun and a micro Draco pistol.  He also indicated that he purchased body armor and a firearm accessory for **BETTS** earlier this year.  **KOLLIE** consented to a search of his residence. While inside, the agents smelled marijuana and observed, in plain sight, paraphernalia consistent with smoking marijuana including, what appeared to be commonly referred to as a "bong," which is a drug delivery device commonly used to smoke marijuana.  Agents also observed in plain sight, on the counter, what they believed to be the Draco pistol.  **KOLLIE** indicated that his handgun was in his bedroom.

5.      On or about August 8, 2019, agents with the FBI again interviewed **KOLLIE,** this time at his place of work.  **KOLLIE** advised the FBI that he was concealed carry, which based upon my training and experience is an indication that he was carrying a firearm, and that he was claiming to have a permit to do so.  The FBI observed a belt clip of what appeared to be an inside-the-waistband holster. **KOLLIE** informed the FBI that he and **BETTS** had done "hard drugs," marijuana, and acid together four to five times a week during 2014 to 2015.  When asked how often he used drugs in the past year and a half, **KOLLIE** indicated that he smoked

2

marijuana every day and had done so since he was fourteen. Agents asked **KOLLIE**: "So you never stopped," or words to that effect. **KOLLIE** responded "that's right," or words to that effect. Based on my training and experience, and information from other law enforcement agents and officers, I am aware that marijuana is a controlled substance. The interviewing agents asked **KOLLIE** for consent to search his cellphone, but **KOLLIE** refused to give consent. Based on my training and experience, I know that individuals who use controlled substances, such as marijuana, use cellphones for purposes of buying controlled substances, communicating with their supplier, and storing contact information pertaining to their supplier.

6.      Records obtained from a Dayton area Federal Firearm Licensed dealer included an ATF Form 4473, which based on my training and experience I know is required in order to complete the transaction of purchasing a firearm from a licensed dealer. The form pertained to the purchase by **KOLLIE** of a Century Arms Draco 7.62x39mm pistol with serial number PMD-11797-19. The form transferee/buyer was listed as **Ethan William KOLLIE** with the address of his residence, and a date of birth and social security number that is consistent with Ohio Bureau of Motor Vehicle records. The transfer of the firearm from the dealer to **KOLLIE** was completed on May 9, 2019.

7.      Box 11e of the ATF Form 4473 states, "Are you an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance? Warning: The use or possession of marijuana remains unlawful under Federal law regardless of whether it has been legalized or decriminalized for medicinal or recreational purposes in the state

where you reside." **KOLLIE's** Form 4473 was checked "No" in response to the question in box

11e.

### CONCLUSION

8.     Based on the foregoing, I believe there is probable cause to believe that crimes

have been committed, namely, violations of 18 U.S.C. § 922(g)(3) (Possession of a firearm by an

unlawful user of a controlled substance or by a person addicted to a controlled substance), 18

U.S.C. § 922(a)(6) (false statement regarding firearms), 18 U.S.C. § 924(a)(1)(A) (false

statement regarding firearms); 18 U.S.C. § 1001 (false statement), and 21 U.S.C. § 844

(unlawful possession of a controlled substance), and that evidence, contraband, fruits of crime,

and instrumentalities of crime will be found on **KOLLIE.**

9.     I submit that this affidavit supports probable cause for a search warrant

authorizing the search of **KOLLIE** to seek the items described in Attachment B.

Respectfully submitted,

P. Andrew Gragan
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me
on August 8, 2019, in Dayton, Ohio.

Hon. Michael J. Newman
UNITED STATES MAGISTRATE JUDGE

4

**ATTACHMENT A**

*Person to be searched*

The person to be searched is **ETHAN KOLLIE**, depicted in the photograph below.



## <u>ATTACHMENT B</u>

*Property to be seized*

1.    All records relating to violations of:

- **18 U.S.C. § 922(g)(3)**
- **18 U.S.C. § 922(a)(6)**
- **18 U.S.C. § 924(a)(1)(A)**
- **18 U.S.C. § 1001**
- **21 U.S.C. § 844**

involving **Ethan KOLLIE** and occurring after **2013**, including:

      i.    Controlled substances, drug paraphernalia, and contraband;

     ii.    Firearms, ammunition, and holders and containers thereof;

    iii.    Cellphones, tablets, and other electronic devices;

    iv.    Identifying information and records.

2.    Computers or storage media used as a means to commit the violations described above.

3.    For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

    a.    evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs,

registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b.  evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c.  evidence of the lack of such malicious software;

d.  evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

e.  evidence indicating the computer user's state of mind as it relates to the crime under investigation;

f.  evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

g.  evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

h.  evidence of the times the COMPUTER was used;

2

i. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

j. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

k. records of or information about Internet Protocol addresses used by the COMPUTER;

l. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

m. contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions,

including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded.  Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant.  The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts.  Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.